PeaRSOBt, O. J.
 

 If a warrant or execution is put into the hands of an officer, it may be inferred that he is expected to act only as an officer, but where a bond, or an account, or other evidence of a debt, is put in his hands
 
 for collection,
 
 as a matter of course, he becomes a collecting agent; so, we have no doubt that in this case, Chappell was the collecting agent of Harding ; but we do not think that his failing to ap,-
 
 *352
 
 pear before the justice, and object to the person offered as surety for the stay, amounted to negligence.
 

 It is not presumed that a justice of the peace will take, as surety, for the stay, “ one who is notoriously insolvent.” The debtor is allowed ten days to give the security. There is no provision of the statute, which requires the justice to give the plaintiff, or his agent, notice of the “ time and place,” when lie can object to the sufficiency of the stay; consequently, he cannot be expected to attend, and there is no ground upon which an agent can be charged with neglect for failing to do so, in the absence of proof, that he had any intimation, or reason to believe, that insufficient surety would bejoffered; in which case, probably it would be his duty, under ordinary circumstances, to apprise the justice of the facts, and make known his objection;
 
 Governor
 
 v. Davidson, 3 Dev. Rep. 361. Rut that, certainly, is not his duty when he lias no notice, and the surety taken is notoriously insolvent, which amounted, in itself, to notice to the justice, that objection was made to him as surety. There is no error.
 

 Pee OueiaM, Judgment affirmed.